J-S68011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTORIA MATTHEWS | : | |
| | : | |
| Appellant | : | No. 1906 WDA 2017 |

Appeal from the Judgment of Sentence November 14, 2017
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000251-2013

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 21, 2019**

Appellant, Victoria Matthews, appeals from the judgment of sentence entered following the revocation of her probation.  Appellate counsel has filed a petition seeking to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant counsel's petition for leave to withdraw and affirm the judgment of sentence.

On March 11, 2013, Appellant participated in a high-speed chase that resulted in her damaging vehicles being driven by other civilians as well as vehicles being driven by two state police troopers.  Affidavit of Probable Cause, 3/11/13, at 1.  The Commonwealth filed an information on June 25, 2013, which charged Appellant with thirty-four criminal counts in relation to the

_____
*   Former Justice specially assigned to the Superior Court.

incident. On September 18, 2013, Appellant pled guilty to one count of fleeing or attempting to elude an officer, four counts each of simple assault, and recklessly endangering another person ("REAP"), and three counts of criminal mischief.[1]

On October 16, 2013, for the conviction of fleeing or attempting to elude an officer, the trial court sentenced Appellant to serve a term of restrictive intermediate punishment for seven years, plus seven days in the Jefferson County Jail, and one hundred eighty-three (183) days on electronic monitoring. On the first of the simple assault convictions, Appellant was sentenced to two years of probation consecutive to the sentence for fleeing or attempting to elude an officer. On the second simple assault conviction Appellant was sentenced to one year of probation consecutive to the first simple assault conviction. On each of the two remaining simple assault convictions, Appellant was sentenced to one year of probation to be served concurrent with the first simple assault conviction. On each of the three convictions of criminal mischief, the trial court sentenced Appellant to serve terms of probation of one year, concurrent with the first simple assault conviction.

On July 26, 2017, the trial court issued a detainer based upon probation violations, specifically, the filing of criminal charges for retail theft and

---

[1] 18 Pa.C.S. §§ 3733(a), 2701(a)(3), 2705, and 3304(a)(5), respectively.

receiving stolen property in Clearfield County. On November 14, 2017, the trial court conducted a *Gagnon II* hearing, revoked Appellant's probation, and sentenced her to serve a term of incarceration of three years and seven months to ten years and two months. On November 22, 2017, Appellant filed a motion for reconsideration of sentence, which the trial court denied on November 27, 2017. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

As noted, counsel has filed a petition to withdraw from representation. Before we address any questions raised on appeal, we must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, those directives have been satisfied. Within the petition to withdraw, counsel averred that he conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the

*Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that she could represent herself or that she could retain private counsel. Appellant has not filed any additional documents with this Court.

We now examine whether the *Anders* brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

Counsel's brief is compliant with *Santiago*. The brief sets forth the procedural history of this case, outlines pertinent case authority, and discusses counsel's conclusion that the appeal is frivolous. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel has identified the following issue that Appellant believes entitles her to relief:

> I. Whether the Trial Court committed an abuse of discretion when it revoked Appellant's probation/parole and re-sentenced her to serve sentences aggregating to a minimum of three (3) years and seven (7) months to a maximum of ten (10) years and two (2) months in a state correctional institution given the circumstances of the case.

*Anders* Brief at 4.

- 4 -

Appellant's issue challenges the discretionary aspects of the sentence imposed following the revocation of her probation. In an appeal from a sentence imposed after the court has revoked probation, we can review "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015).

We are also mindful that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Martin*, 727 A.2d 1136, 1143 (Pa. Super. 1999). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

Herein, the first three requirements of the four-part test are met. Appellant brought an appropriate appeal, raised the challenge in a post-sentence motion, and she included in her appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the probation revocation court.

In her Rule 2119(f) statement, Appellant argues that the trial court abused its discretion in imposing a sentence that was manifestly unreasonable. *Anders* Brief at 7. Appellant contends that the sentence was

- 6 -

excessive, constituted too severe a punishment, and the reasons set forth by the trial court did not justify the severity of the sentence. *Id*.

We have held that "[i]n asserting that the trial court imposed a sentence unreasonably disproportionate to her crimes and unduly excessive, [an appellant] has provided plausible arguments that her sentence is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Williams*, 69 A.3d 735, 740 (Pa. Super. 2013) (quotation marks omitted). Thus, we conclude that Appellant has presented a substantial question for our review. Accordingly, because Appellant has presented a substantial question, we will consider her discretionary aspects of sentencing challenges on appeal.

As we have long held, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000). "In order to establish that the sentencing court abused its discretion, [an a]ppellant 'must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.'" *Williams*, 69 A.3d at 741 (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*)).

Indeed, the sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted). When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. §§ 9771(c) and 9721(b). ***Commonwealth v. Ferguson***, 893 A.2d 735 (Pa. Super. 2006). Pursuant to Section 9771(c), a court may sentence a defendant to total confinement after a revocation of probation if one of the following conditions exists:

1. the defendant has been convicted of another crime; or

2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

3. such a sentence is essential to vindicate the authority of this court.

42 Pa.C.S. § 9771(c). Under Section 9721(b), the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular,

the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*. In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citing *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988)).

Our review of the record reflects that, at the time of Appellant's sentencing, the trial court had received and reviewed a presentence report. N.T., 11/14/17, at 2-3. Further, the trial court heard argument from Appellant's counsel, which included exceptions to the sentencing recommendation contained in the presentence report. *Id*. at 2-4. The trial court then heard Appellant's allocution. *Id*. at 4-6.

In addition, at the time it imposed the judgment of sentence, the trial court offered the following comments, thereby revealing that it had considered the need for a sentence of incarceration in order to vindicate the authority of the court, the protection of the public, the gravity of the offense, and appellant's rehabilitative needs:

> I recall reading Trooper Burkett's report and Trooper Snyder and some of the other individuals. There was a lot of restitution imposed, but I – I believe the idea was that you were going to get help for your issues and not have these type of problems; and now you committed two felony offenses while you were on probation. So I do believe that, that the recommendation for a

state sentence is appropriate. I further believe that the recommendation was made at one charge and appropriate for that, the felony charge of fleeing and eluding, but I don't think it's appropriate that we continue with all of the county probations as county probation has not served your well. But I do think even though, yea, if they had been brand new retail thefts, they would have been summaries, but they are two felonies 3 summaries. They were done while you were on probation.

* * *

So your total sentence would be no less than three years and seven months, credit for time you served, to no more than ten years and two months. . . . That is – the sentence is given because of the new charges and to vindicate the authority of the [c]ourt because we can't have a situation where you committed two new felonies and were cut a break.

N.T., 11/14/17, at 7-8.

The trial court further elaborated its reasoning for imposition of the specific sentence upon Appellant in its written opinion, as follows:

[Appellant] contends that her sentence was manifestly unreasonable in that it constituted "too severe of a punishment under the circumstances of the original crimes and the probation/parole violations." In light of the statements she and her attorney made at her **Gagnon II** hearing, the [c]ourt can only assume that she thinks she deserved a more lenient sentence because of the fact that she had a clean record from 1988 until 2011 and because the Retail Theft convictions underlying the instant revocation would have been summary offenses but for multiple Retail Theft convictions dating back to the 1970's and '80's. (**See** Transcript, 11/14/2017, pp. 3-5). That leniency, conferred in the form of probation for eleven misdemeanor pleas and Restrictive Intermediate Punishment for the felony, was shown to her initially, however, and did not address the problem. Yet the offenses to which she pled guilty stemmed from events that easily could have resulted in death or serious bodily injury.

Because of the nature of the original charges, therefore, it was of little consequence that [Appellant's] new convictions, though graded as felonies, were low-value Retail Thefts. What

- 10 -

mattered was that her decision to commit a new crime while on probation for fleeing from the police and endangering the lives and welfare of multiple individuals demonstrated both an unwillingness to refrain from further criminal conduct and a failure to appreciate and take advantage of the mercy shown to her on October 16, 2013. As the [c]ourt said at the time it imposed the revocation sentence, county probation did not achieve the sentencing objectives in [Appellant's past], and shorter jail sentences in the past proved likewise ineffective to rehabilitate her. (*See id*. at 6-8). Accordingly, a longer sentence was warranted and, pursuant to [42 Pa.C.S.] § 9771, was legislatively authorized.

In any event, the record reflects that the [c]ourt stated its reasons for the sentence it imposed and that the sentence was not manifestly unreasonable under the circumstances.

Trial Court Opinion, 5/8/18, at 1-2.

We conclude that the reasons the trial judge offered for the sentence imposed were more than sufficient to support the sentence. Moreover, because the trial court had been fully informed and relied upon the presentence report, it is our determination that the trial court did not abuse its discretion in fashioning Appellant's sentence. Accordingly, Appellant's claims that the trial court failed to provide adequate reasons for fashioning the instance sentence, and the allegation that he sentence was manifestly excessive, lacks merit.

Finally, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we

- 11 -

grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.

Judge Dubow joins the Memorandum.

P.J.E. Stevens concurs in the result.